IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN RANDOLPH DUPREE, SR.,          :
                                    :
          Plaintiff,                :
                                    :
     v.                             : Civil Action No. 10-351-JJF-LPS
                                    :
JANE DOE 1, et al.,                 :
                                    :
          Defendants.               :

John Randolph DuPree, Sr., Pro se Plaintiff.  James T. Vaughn
Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

July  ⟨  , 2010
Wilmington, Delaware

Farnan ⎰⎰⎰⎰⎰⎰⎰⎰ District Judge

Plaintiff John Randolph DuPree, Sr. ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court will deny without prejudice Plaintiff's Request For Counsel (D.I. 8) and will dismiss the claims against Defendants Jane Doe 1 ("Doe 1"), Jane Doe 2 ("Doe 2"), Jane Doe 3 ("Doe 3"), Warden Perry Phelps ("Phelps"), Warden Raphael Williams ("Williams"), First Medical Services[1] ("FCM"), Chucks Ihuoma ("Ihuoma"), and Dr. O ("Dr. O") as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and will allow Plaintiff to proceed against Correctional Medical Services ("CMS"). Plaintiff will be given leave to amend the Complaint.

## I. BACKGROUND

Plaintiff filed his Complaint on April 27, 2010, followed by an Amended Complaint on May 28, 2010, and an Addendum Citing Jurisdiction on June 21, 2010.[2] (D.I. 2, 7, 10.) Plaintiff named seven (7) Defendants in the original Complaint: Doe 1, Doe

---

[1]Known as First Correctional Medical Services.

[2]Except for the cover page, D.I. 7 and D.I. 10 are identical.

1

2, Doe 3, Phelps, Williams, FCM, and CMS. (D.I. 2.) The Amended Complaint added Defendants Ihuoma and Dr. O.[3] (D.I. 7.)

Plaintiff raises claims regarding his medical care and treatment. More particularly, Plaintiff alleges that on September 23, 2004, he informed Doe 1 that he required certain soap and shampoo or he would have breakouts. Doe 1 refused his request. Plaintiff sought medical attention and was seen by Doe 2 and scheduled to see a physician.[4] A few weeks later, Doe 3 prescribed Plaintiff soap, shampoo, and cream, but the medical staff did not provide him with the physician ordered items. Plaintiff alleges that, as a result, his body is scarred.

Plaintiff was hospitalized in May 2009, for months "from nearly losing" his life as a "direct result from the neglect in medical treatment." (D.I. 2.) He underwent "operations to remove the highly infectious mass" from his chest and neck. Id.

Plaintiff alleges that CMS and FCM and "those noted" intentionally denied, delayed and/or provided less efficacious medical care with intentional and deliberate indifference to his serious medical needs. He alleges that his condition was noted by many visiting doctors, who ordered treatment, but the orders

---

[3]Due to an oversight, the new Defendants were not added to the Court docket. The Clerk of Court is directed to add Defendants Chucks Ihuoma and Dr. O to the docket.

[4]Plaintiff later describes Doe 1 as the "on-site medical administrator" "responsible in a supervisory capacity" and Doe 2 as the on-site pharmacist. (D.I. 7.)

were not carried out, in whole or in part, for nearly two and one-half years.

Plaintiff seeks treatment by a dermatologist, prospective relief, declaratory relief, reimbursement for the preexisting medical condition, and compensatory and punitive damages.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

3

(1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to

"[t]hreadbare recitals of the elements of a cause of action
supported by mere conclusory statements." Id. at 1949. When
determining whether dismissal is appropriate, the Court conducts
a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210
(3d Cir. 2009). First, the factual and legal elements of a claim
are separated. Id. The Court must accept all of the Complaint's
well-pleaded facts as true, but may disregard any legal
conclusions. Id. at 210-11. Second, the Court must determine
whether the facts alleged in the Complaint are sufficient to show
that Plaintiff has a "plausible claim for relief."[5] Id. at 211.
In other words, the Complaint must do more than allege
Plaintiff's entitlement to relief; rather it must "show" such an
entitlement with its facts. Id. "[W]here the well-pleaded facts
do not permit the court to infer more than a mere possibility of
misconduct, the complaint has alleged - but it has not shown -
that the pleader is entitled to relief." Iqbal, 129 S.Ct. at
1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[5]A claim is facially plausible when its factual content
allows the Court to draw a reasonable inference that the
defendant is liable for the misconduct alleged. Iqbal,129 S.Ct.
at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility
standard "asks for more than a sheer possibility that a defendant
has acted unlawfully." Id. "Where a complaint pleads facts that
are 'merely consistent with' a defendant's liability, it 'stops
short of the line between possibility and plausibility of
'entitlement to relief.'" Id.

5

## III. DISCUSSION

### A. Statute Of Limitations

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. <u>See</u> Del. Code Ann. tit. 10, § 8119; <u>Johnson v. Cullen</u>, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." <u>Id.</u> Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. <u>See</u> <u>Smith v. State</u>, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. <u>See</u> <u>Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.</u>, 435 F.3d 396, 400 n.14 (3d Cir. 2006); <u>Fassett v. Delta Kappa Epsilon</u>, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." <u>Smith v. Delaware County Court</u>, 260 F. App'x 456 (3d Cir. 2008) (not published); <u>Wakefield v. Moore</u>, 211 F. App'x

6

99 (3d Cir. 2006) (not published) (citing Fogle v. Pierson, 435
F.3d 1252, 1258 (10th Cir. 2006)). The allegations raised
against Doe 1, 2, and 3 occurred in 2004. This case was filed in
2010. Accordingly, the Court concludes that the claims raised
against Does 1, 2, and 3 are time-barred.

With regard to FCM, the Court takes judicial notice that FCM
has not provided medical services or treatment to Delaware
Department of Correction ("DOC") inmates since June 30, 2005.
See Francisco v. Correctional Med. Sys., Civ. No. 03-499-JJF,
2007 WL 896190, at 1 (D. Del. Mar. 22, 2007) (FCM provided
medical services to the DOC from July 1, 2002, through June 30,
2005). Accordingly, the Court concludes that the claims raised
against FCM are also time-barred.

In sum, it is evident from the face of the Complaint that
Plaintiff's claims against Doe 1, Doe 2, Doe 3, and FCM are
barred by the two-year limitations period. Accordingly, the
Court will dismiss the claims against Doe 1, Doe 2, Doe 3, and
FCM pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**B. Personal Involvement/Respondeat Superior**

To the extent that Plaintiff attempts to allege deliberate
indifference to medical needs claims against Defendants Phelps,
Williams, Ihuoma, and Dr. O, he must allege that (1) he is
incarcerated under conditions posing a substantial risk of
serious harm (the objective element); and (2) prison officials

7

acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element).  See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 F. App'x 851 (3d Cir. 2005) (not published).  After reviewing the Complaint, the Court concludes that it does not meet the pleading requirements of Twombley and Iqbal.  Instead, it consists of labels and conclusions.  In addition, the Complaint fails to apprise the reader of the alleged acts taken by these Defendants or when or where they allegedly occurred.

Inasmuch as the claims against Defendants Phelps, Williams, Ihuoma, and Dr. O are deficiently pled, the claims against them will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However, since it appears plausible that Plaintiff may be able to articulate a claim against these Defendants (or name alternative Defendants), he will be given an opportunity to amend his pleading.  See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## C. Request For Counsel

Plaintiff requests counsel on the grounds that his Complaint has factual and legal merit; his allegations, if proved, will establish a constitutional violation; his ability to present his case is impeded by inadequate access to the law library and to individuals with knowledge of the law; he suffers from depression and is bi-polar; the case is complex and will require extensive discovery and expert testimony; he is unable to afford counsel and has been unsuccessful in his efforts to obtain counsel; and he needs counsel to assist with credibility determinations and settlement negotiations.   (D.I. 8.)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[6] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."   Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir.

---

[6]See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

1984)). Factors to be considered by a court in deciding whether
to request a lawyer to represent an indigent plaintiff include:
(1) the merits of the plaintiff's claim; (2) the plaintiff's
ability to present his or her case considering his or her
education, literacy, experience, and the restraints placed upon
him or her by incarceration; (3) the complexity of the legal
issues; (4) the degree to which factual investigation is required
and the plaintiff's ability to pursue such investigation; (5) the
plaintiff's capacity to retain counsel on his or her own behalf;
and (5) the degree to which the case turns on credibility
determinations or expert testimony. Montgomery v. Pinchak, 294
F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that
the case is so not factually or legally complex that an attorney
should be appointed to represent Plaintiff at this time.
Plaintiff's filings in this case demonstrate his ability to
articulate his claims and represent himself. Finally, this case
is in its early stages, and no Defendants have been served.
Accordingly, in these circumstances, the Court will deny, without
prejudice to renew, Plaintiff's Request For Counsel. (D.I. 8.)

## IV. CONCLUSION

For the reasons discussed, Plaintiff will be allowed to
proceed against CMS. The Court will dismiss with prejudice the
claims against Defendants Doe 1, Doe 2, Doe 3, and FCM as

frivolous and time-barred.  The Court will dismiss without

prejudice the claims against Phelps, Williams, Ihuoma, and Dr. O

for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Plaintiff will be given leave to file an Amended Complaint only

as to those claims.  The Court will deny without prejudice

Plaintiff's Request For Counsel.

     An appropriate Order will be entered.