# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RANDOLPH DUPREE, SR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-351-LPS |
| JANE DOE 1, et al., | : |
| Defendants. | : |

John Randolph DuPree, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 29, 2011
Wilmington, Delaware

Stark, District Judge:

I. **INTRODUCTION**

Plaintiff John Randolph DuPree, Sr., ("DuPree"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court reviewed and screened his original Complaint on July 8, 2010. (D.I. 12) The Court dismissed claims against Jane Doe 1 ("Doe 1"), Jane Doe 2 ("Doe 2"), Jane Doe 3 ("Doe 3"), and First Correctional Medical Services ("FCM") as time-barred. It also dismissed claims against Defendants Perry Phelps ("Phelps"), Raphael Williams ("Williams"), Chucks Ihuoma ("Ihuoma"), and Dr. O ("Dr. O"), but gave DuPree leave to amend. DuPree was allowed to proceed with his claims against Correctional Medical Services. DuPree filed a Motion to Amend or Alter an Order under Fed. R. Civ. P. 59(e), which is construed by the Court as motion for reconsideration. (D.I. 15) He also filed a Amended Complaint. (D.I. 16)

II. **BACKGROUND**

DuPree's original complaint was signed on October 21, 2009. The allegations raised against Doe 1, 2, and 3 occurred in 2004. Therefore, the Court concluded from the face of the Complaint that the claims against the Doe defendants were barred by the applicable two-year statute of limitations. Similarly, the Court concluded that the claims against FCM were time-barred inasmuch as FCM had not provided medical services to the Delaware Department of

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Correction since June 30, 2005. DuPree moves to set aside the dismissal of these defendants on the basis that the limitations period was tolled during resolution of the grievance process.

DuPree alleges a medical needs claim as a result of a skin condition that resulted in scarring and hospitalization. He was hospitalized "for months" beginning in May 2009, after "nearly losing" his life as a "direct result from the neglect in medical treatment." (D.I. 2) At that time, he underwent "operations to remove the highly infectious mass" from his chest and neck. (*Id.*) DuPree seeks treatment by a dermatologist, prospective relief, declaratory relief, reimbursement for the preexisting medical condition, and compensatory and punitive damages.

The amended complaint details the involvement of Doe 1, Doe 2, Doe 3, FCM, CMS, Ihuoma, and Dr. O. (D.I. 16) There are no allegations directed toward Williams. With regard to Phelps, DuPree alleges that he has denied DuPree access to his medical file.

### III. MOTION FOR RECONSIDERATION

DuPree moves for reconsideration of the Order dismissing the claims against Does 1, 2, and 3 as well as FCM as time-barred. (D.I. 15) DuPree advises that the Delaware Department of Correction directly and indirectly delayed the grievance process. The initial grievance was filed in 2004, but there was no resolution until 2009.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Most circuits that have considered the question have held that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. *See Shakuur v. Costello*, 230 F. App'x 199 (3d Cir. May 1, 2007) (not published). DuPree provided the Court information not known to it at the time it dismissed the claims against Doe 1, 2, and 3 and FCM as time-barred. Accordingly, the Court will grant the motion for reconsideration and reinstate Doe 1, 2, and 3, and FCM as Defendants.

## IV. **STANDARD OF REVIEW**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *See id.* A claim is facially plausible when its factual content

4

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## V. **PERSONAL INVOLVEMENT/ RESPONDEAT SUPERIOR**

The Amended Complaint contains no allegations directed towards Williams. As to Phelps, it is merely alleged that he would not provide DuPree with his medical records – an allegation that does not rise to the level of a constitutional violation. DuPree was given an opportunity to amend his Complaint to correct pleading deficiencies. However, he failed to do so. Indeed, it is evident that, as to Williams and Phelps, the Amended Complaint fails to meet the *Iqbal* pleading requirements. It may be that Williams and Phelps are named as defendants based upon their supervisory positions. Even if so, DuPree cannot prevail against them under a theory of respondeat superior.

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 129 S.Ct. at 1948. In *Iqbal,* the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the

official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (11th Cir. 2010) (*quoting* Iqbal, 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *See id.*

The claims against Williams and Phelps are deficiently pled. DuPree has not alleged facts to support personal involvement by either of them. For the above reasons, the court will dismiss as frivolous all claims against Williams and Phelps pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## VI. CONCLUSION

For the above reasons, the Court will grant DuPree's Motion for Reconsideration. (D.I. 15) The Court will the dismiss the claims against Williams and Phelps as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). DuPree will be allowed to proceed against the remaining Defendants. An appropriate Order follows.