IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RANDOLPH DUPREE, SR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-351-LPS |
| JANE DOE 1, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order/ Preliminary Injunction. (D.I. 51) For the reasons given below, the Court will deny the motion.

## I. BACKGROUND

Plaintiff John Randolph DuPree, Sr. ("Plaintiff"), a prisoner housed at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On May 23, 2012, he filed a motion for injunctive relief to obtain medical care. (D.I. 51) Defendant Correctional Medical Services, Inc. ("CMS") opposes the motion. (D.I. 53)

## II. LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a

1

request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

### III. DISCUSSION

Plaintiff seeks immediate medical care from Correct Care Solutions ("CCS") and a no-contact order against Dr. Linda Galef-Surdo. Neither are defendants in his action, although there is a pending motion to amend to add CCS as a defendant. (*See* D.I. 47) CCS is the current contract medical services provider for the Delaware Department of Correction ("DOC").

Defendant CMS formerly provided medical care to DOC inmates but ceased doing so as of June 30, 2010. (*See* D.I. 53) The instant motion is not directed towards CMS. Nonetheless, CMS opposes the motion on the grounds that CMS cannot provide the relief requested.

After reviewing the motion, opposition, and record, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits. Nor is there any indication that, at the present time, Plaintiff is in danger of suffering irreparable harm. Therefore, the Court will deny the motion.

### IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (D.I. 51) is DENIED.

Dated: June 7, 2012

UNITED STATES DISTRICT JUDGE