IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN RANDOLPH DUPREE, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-351-LPS |
| JANE DOE 1, et al., | : | |
| Defendants. | : | |

John Randolph DuPree, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Chad J. Toms, Daniel A. Griffith, and Jarret P. Hitchings, Esquires, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendant Correctional Medical Services, Inc., now known as Corizon, Inc.

**MEMORANDUM OPINION**

June 7, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff John Randolph DuPree, Sr. ("Plaintiff") filed this action on April 27, 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983. He also raises supplemental State law claims. Presently before the Court are Defendant Correctional Medical Services, Inc.'s ("Defendant") Motion to Dismiss and Plaintiff's Demand to Convene a Medical Malpractice Review Panel. (D.I. 30, 37) For the reasons that follow, the Court will grant Defendant's motion and will deny Plaintiff's motion.

## II. BACKGROUND

Plaintiff alleges a medical needs claim as a result of a skin condition that resulted in scarring and hospitalization. He was hospitalized in May 2009 for months, "nearly losing" his life as a "direct result from the neglect in medical treatment." (D.I. 2.) At that time, he underwent "operations to remove the highly infectious mass" from his chest and neck. *Id.* Plaintiff alleges that Defendant's policies/customs of cost avoidance were the driving force behind the indifference to his serious medical needs. (D.I. 7 at 3) In addition, he alleges that Defendant provided the least efficacious medical care for the purpose of saving money. (D.I. 16 at ¶¶ 2, 4) Plaintiff seeks treatment by a dermatologist, prospective relief, declaratory relief, reimbursement for the preexisting medical condition, and compensatory and punitive damages.

Defendant moves for dismissal pursuant to Rule 12(b)(6) on the grounds that: (1) the Complaint fails to allege or identify a policy or custom of deliberate indifference sufficient to establish § 1983 liability, and (2) Plaintiff failed to provide an affidavit of merit to support his claims under 18 Del. C. § 6853. Plaintiff did not file a response to the Motion. Instead, Plaintiff

1

filed a demand for the Court to convene a medical malpractice review panel pursuant to Delaware Superior Court Rule 71.2(b). Defendant opposes the Motion.

### III. MOTION TO DISMISS

#### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir.

2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### B. <u>Discussion</u>

#### 1. <u>42 U.S.C. § 1983 Policy or Custom</u>

Defendant moves for dismissal of the § 1983 claim on the basis that the Complaint fails to allege or identify a policy or custom of deliberate indifference on its behalf sufficient to establish liability. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).

In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (stating because respondeat superior or

vicarious liability cannot be basis for liability under 42 U.S.C. § 1983, corporation under contract with state cannot be held liable for acts of its employees and agents under those theories).

Assuming the acts of a defendant's employees have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584. "'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

Liberally construing the Complaint, as the Court must, Plaintiff has alleged that CMS had a policy, custom, or practice of placing cost containment ahead of providing necessary medical care. Thus, the Court concludes that Plaintiff has adequately alleged a § 1983 claim sufficient to survive a motion to dismiss. Accordingly, the Court will deny Defendant's Motion to Dismiss the § 1983 claim raised against CMS.

## 2. 18 Del. C. § 6853 Affidavit of Merit

Defendant moves for dismissal of the State medical negligence claim on the basis that Plaintiff failed to provide an affidavit of merit to support his claim, as is required pursuant to 18 Del. C. § 6853. Plaintiff responded by filing a demand to convene a medical malpractice review panel.

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *See Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (citing *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the Complaint with the required affidavit of merit.

Plaintiff, however, demands that the Court convene a medical malpractice review panel pursuant to Delaware Superior Court Civil Rule of Procedure 71.2. Under Rule 71.2(b), "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court."

Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert
> medical testimony is presented as to the alleged deviation from the
> applicable standard of care in the specific circumstances of the case
> and as to the causation of the alleged personal injury or death,
> except that such expert medical testimony shall not be required if a
> medical negligence review panel has found negligence to have
> occurred and to have caused the alleged personal injury or death
> and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court, reading § 6853(e) and Rule 71.2 together, has held that no affidavit of merit is required under Section 6853 where a timely demand to convene a medical malpractice review panel has been filed. *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Aug. 19, 2010).

Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil action in the District of Delaware alleging medical negligence, in the manner instructed by the federal court, but also in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. However, the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

The Court lacks authority to appoint a medical review panel for Plaintiff at the public's expense. *See e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party

6

qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has Plaintiff, who has been granted in forma pauperis status, indicated that he has the financial means for compensation and expenses of the medical review panel.

Accordingly, the Court will deny without prejudice the Demand to Convene a Medical Review Panel. The Court will reconsider the Demand upon a showing by Plaintiff of his financial ability to pay the compensation and expenses of the medical review panel. Finally, because Plaintiff failed to file an affidavit of merit as required by 18 Del. C. § 6853(a)(1), the Court will grant the Motion to Dismiss the medical negligence claim. Dismissal will be without prejudice.

## IV. CONCLUSION

For the above reasons, the Court will grant in part and deny in part the Motion to Dismiss. (D.I. 31) The medical negligence claim will be dismissed without prejudice. The Court will deny without prejudice to renew Plaintiff's Demand to Convene a Medical Malpractice Review Panel. (D.I. 37)

An appropriate Order follows.