IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN RANDOLPH DUPREE, SR.,          :
                                    :
            Plaintiff,              :
                                    :
        v.                          :       Civ. No. 10-351-LPS
                                    :
JANE DOE 1, et al.,                 :
                                    :
            Defendants.             :

---

John Randolph DuPree, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Chad J. Toms, Daniel A. Griffith, and Jarret P. Hitchings, Esquires, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware.  Counsel for Defendant Correctional Medical Services, Inc., now known as Corizon, Inc.

## MEMORANDUM OPINION

March 29, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff John Randolph DuPree, Sr. ("Plaintiff"), an inmate at the James T. Vaughn

Correctional Center ("VCC") in Smyrna, Delaware, filed this action on April 27, 2010, alleging

constitutional violations pursuant to 42 U.S.C. § 1983. Presently before the Court are several

motions filed by Plaintiff including a motion for a pretrial conference (D.I. 46), motion to amend

(D.I. 47), motion for summary judgment (D.I. 49), and requests for counsel (D.I. 52, 62). For the

reasons that follow, the Court will deny Plaintiff's motions and requests.

## II.    BACKGROUND

Plaintiff alleges a medical needs claim as a result of skin condition that resulted in

scarring and hospitalization. He was hospitalized in May 2009, for months "from nearly losing"

his life as a "direct result from the neglect in medical treatment." (D.I. 2.) At that time, he

underwent "operations to remove the highly infectious mass" from his chest and neck. *Id.*

Plaintiff alleges that Defendant Correctional Medical Services, Inc.'s ("CMS") policies/customs

of cost avoidance were the driving force behind the indifference to his serious medical needs.

(D.I. 7 at 3) In addition, he alleges that CMS provided the least efficacious medical care for the

purpose of saving monies. (D.I. 16 at ¶¶ 2, 4) Plaintiff seeks treatment by a dermatologist,

prospective relief, declaratory relief, reimbursement for the preexisting medical condition, and

compensatory and punitive damages.

1

### III. **MOTION FOR PRETRIAL CONFERENCE**

Plaintiff requests a pretrial conference pursuant to Fed. R. Civ. P. 16. (*See* D.I. 46) Pursuant to the Local Rules of this Court, all actions in which one of the parties appears pro se and is incarcerated are exempt from the scheduling conference and order requirements of Fed. R. Civ. P. 16(b). *See* D. Del. LR 16.2(a). In addition, to the extent that a pretrial conference is necessary, the request is premature. Therefore, the Court will deny the motion. However, the Court will also enter a Scheduling Order.

### IV. **MOTION TO AMEND**

Plaintiff moves to amend to add as a defendant Corrective Care Solutions ("CCS"), the current health care provider at the VCC.[1] (D.I. 47) CMS opposes the motion on the grounds that Plaintiff has failed to comply with Local Rule 15.1 by not providing a copy of the proposed amended pleading. CMS also contends that CCS was not providing medical care to Plaintiff when this action was initiated. (D.I. 48)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the Court should freely give leave to amend when justice so requires.

---

[1]The proper name is Correct Care Solutions. It became the medical service provider for the Delaware Department of Correction on July 1, 2010.

2

Rule 15.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provides that a party who moves to amend a pleading shall attach to the motion the proposed pleading as amended, complete with a handwritten or electronic signature and a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* D. Del. LR 15.1.

Plaintiff did not attach a copy of the proposed amended complaint as required by Local Rule 15.1. In addition, Plaintiff moves to amend to add a party who was not the medical care provider at the time of the filing of the original complaint. The court finds that amendment is not appropriate. Therefore, the Court will deny the motion to amend. (D.I. 47)

## V.   **MOTION FOR SUMMARY JUDGMENT**

Plaintiff moves for summary judgment on the ground that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. (*See* D.I. 49) To support his motion, Plaintiff refers to the record, "including the amended complaint, the answer to it, and Plaintiff's . . . affidavit." (D.I. 49) CMS opposes the motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

3

(including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

At the time Plaintiff filed his motion for summary judgment, a motion to dismiss was pending before this Court. It was granted in part and denied in part on June 8, 2012. (*See* D.I. 60) Thereafter, CMS filed its Answer to the Amended Complaint. (*See* D.I. 62) Although Plaintiff relies upon the Answer to support his motion for summary judgment, the Answer had not yet been filed. Regardless, the Answer denies the allegations raised by Plaintiff. In addition, no discovery has taken place, and CMS disputes the form and content of Plaintiff's affidavit. Hence, it is evident from the record before the Court that factual issues remain in dispute.

For the above reasons, the Court will deny the motion for summary judgment without prejudice as premature.

## VI.   **REQUESTS FOR COUNSEL**

Plaintiff requests counsel (D.I. 52, 62) on grounds including, but not limited to, that his case has factual and legal merit, his ability to present his case is greatly impaired by his lack of meaningful access to the law library and to those with adequate knowledge of the law, the case is

4

complicated and will require expert witnesses and extensive discovery, facts are in dispute and credibility will be key, he cannot afford counsel and has unsuccessfully sought representation, counsel is necessary to effect meaningful settlement negotiations, he is housed in a higher level security, he is struggling to gain required documents, and his status as an inmates impedes his ability to litigate.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request.").

5

After reviewing Plaintiff's requests, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. In addition, the Court will address the issue again should the need for counsel arise at a later time. Thus, the Court will deny without prejudice to renew Plaintiff's requests for counsel (D.I. 52, 62)

## VII.   SHOW CAUSE

Plaintiff filed this case on April 27, 2012. To date, he has not identified Defendants Jane Doe 1, 2, and 3. Nor has he served them. In addition, despite repeated attempts, he has failed to serve Defendants First Medical Services, Chucks Ihuoma, and Dr. O. Therefore, Plaintiff will be ordered to show cause why the foregoing Defendants should not be dismissed for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m) and/or for failure to identify the Doe Defendants.

## VIII.   CONCLUSION

For the above reasons, the Court will deny the motion for pretrial conference, deny the motion to amend, deny the motion for summary judgment without prejudice, and deny the requests for counsel without prejudice to renew. (D.I. 46, 47, 49, 52, 62) Plaintiff will be ordered to show cause why Defendants have not been served and/or identified. Finally, the Court will enter a Scheduling Order.

An appropriate Order follows.

6