# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JOHN RANDOLPH DUPREE, SR., :
                                      :
       Plaintiff, :
                                      :
   v. : Civ. No. 10-351-LPS
                                      :
CORRECTIONAL MEDICAL SERVICES :
et al., :
                                      :
       Defendants. :

John Randolph DuPree, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Chad J. Toms and Daniel A. Griffith, Esquires, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendant Correctional Medical Services, Inc., now known as Corizon, Inc. and Ihuoma Chuks.

**MEMORANDUM OPINION**

November 16, 2015
Wilmington, Delaware


STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff John Randolph DuPree, Sr. ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action on April 27, 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983. On August 3, 2015, the Court entered judgment in favor of Defendants Correctional Service ("CMS") and Ihuoma Chuks ("Chuks") (together "Defendants") and against Plaintiff. (D.I. 156) Presently before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (D.I. 157), construed as a motion for reconsideration, and motion for enlargement of time to appeal (D.I. 158)

II. BACKGROUND

Plaintiff raised medical needs claim as a result of a skin condition that he alleged resulted in scarring and hospitalization. The Court reviewed and screened the original Complaint, dismissed some claims, and gave Plaintiff leave to amend; he later filed an Amended Complaint. Upon motion by CMS, the Court dismissed all medical negligence claims. CMS filed its first motion for summary judgment, which was denied based upon Plaintiff's representations that he would subpoena certain witnesses who could support his claim without the need for an expert witness and because there was an issue of fact as to whether policymakers at CMS knew of Plaintiff's medical needs yet delayed in responding to them. (D.I. 114, 115) The parties filed renewed motions for summary judgment and, on July 31, 2015, the Court granted Defendants' motion for summary judgment (D.I. 144) and denied Plaintiff's motion for summary judgment (D.I. 145). (*See* D.I. 154, 155) On August 18, 2015, the Clerk's Office docketed Plaintiff's motion to alter or amend the judgment pursuant to Fed.

1

R. Civ. P. 59(e), followed a few weeks later by Plaintiff's motion for an extension of time to file an appeal. Plaintiff filed a notice of appeal on October 30, 2015.[1] (D.I. 159)

## III. MOTION FOR RECONSIDERATION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). A proper Rule 59(e) motion should rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Nor may motions for reargument or reconsideration be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be

---

[1] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings, *see Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Plaintiff's notice of appeal was signed on October 30, 2015, and the envelope in which it was mailed is post-marked October 31, 2015. The Court concludes that Plaintiff's notice of appeal was filed on October 30, 2015, the date it was signed, and the earliest date possible that it could have been delivered to prison officials for mailing.

appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

Plaintiff moves for reconsideration on the ground that the Court "ignored all of the evidence which is clear and therefore doesn't support [the] ruling." (D.I. 157) Plaintiff further argues that the medical records support his position that Defendants violated his constitutional rights and that the Court did not weigh all of the facts.

Before granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment, the Court thoroughly reviewed the record, including evidence filed in support of the motions for summary judgment, and the law. The Court finds that Plaintiff has failed to demonstrate any grounds to warrant a reconsideration of the Court's July 31, 2015 Memorandum Opinion and Order. Therefore, the motion (D.I. 157) will be denied.

## IV. MOTION TO EXTEND TIME TO APPEAL

Plaintiff filed a motion for an extension of time to file an appeal (D.I. 158) on August 31, 2015. Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1) and he shows either excusable neglect or good cause.

It is not clear if Plaintiff seeks an extension of time to appeal this Court's July 31, 2015 Order that granted Defendants' motion for summary and denied Plaintiff's motion for summary judgment (D.I. 155) or to appeal the August 3, 2015 judgment entered in favor of Defendants and against Plaintiff (D.I. 156). The Court presumes that Plaintiff seeks to appeal the July 31, 2015 order given his statement in his motion for reconsideration (D.I. 157) that he will appeal if the motion for reconsideration is not granted.

3

As to the time requirement, the Court issued its Order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment on July 31, 2015. (D.I. 155) The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Pursuant to Fed. R. App. P. 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty days after the expiration of the time to appeal as originally prescribed by Rule 4(a)(1) (*i.e.*, August 31, 2015 since August 30, 2015 fell on a Sunday). Thus, Plaintiff had to file the motion for extension of time to appeal the July 31, 2015 Order no later than September 29, 2015. The motion for additional time to appeal was filed on August 31, 2015. Accordingly, Plaintiff's motion for extension of time to file an appeal was timely under Rule 4(a)(5).

The Court must also determine whether Plaintiff has demonstrated excusable neglect or good cause. Factors to consider in determining whether excusable neglect exists include: (1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments).

Plaintiff asks for the extension of time due to his need to conduct research and, as an inmate, his limited law library access. Turning to Rule 4(a)(5)(A)(ii), the Court concludes that there

4

is good cause for granting an extension, and also that excusable neglect has been shown because the *Pioneer* factors weigh in favor of granting Plaintiff's motion. Plaintiff made a good faith effort in filing his motion without delay. In addition, denying the motion would produce a harsh result for Plaintiff. Therefore, the Court will grant the motion for an extension of time to file a notice of appeal.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (D.I. 157); and (2) will grant Plaintiff's motion for an extension of time to file an appeal (D.I. 158).

An appropriate Order follows.